# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROLTA INDIA LIMITED** | ) | Case No. _____ |
| Rolta Tower A | ) | |
| Rolta Technology Park | ) | |
| MIDC, Andheri (East) | ) | |
| Mumbai – 400 093, India | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| v. | ) | |
| | ) | |
| **C.R. HOWDYSHELL** | ) | |
| 5257 Sorrento Court | ) | |
| Westerville, Ohio 43082 | ) | |
| | ) | |
| *-and-* | ) | |
| | ) | |
| **KURT SCHNIEDERS** | ) | |
| 1349 Bonnieview Avenue | ) | |
| Lakewood, Ohio 44107 | ) | |
| | ) | |
| *-and-* | ) | |
| | ) | |
| **MATT GARITO** | ) | |
| 9650 Whitewood Road | ) | |
| Brecksville, Ohio 44141 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Rolta India Limited ("Rolta India" or "Plaintiff"), as assignee of Rolta International, Inc. ("RUS"), through its undersigned counsel, brings this action against Defendants C.R. Howdyshell ("Howdyshell"), Kurt Schnieders ("Schnieders"), and Matt Garito ("Garito," and collectively with Howdyshell and Schnieders, "Defendants"), for breach of their fiduciary duty as officers of AdvizeX Technologies, LLC f/k/a Rolta AdvizeX Technologies, LLC ("AdvizeX") at that time when AdvizeX was the wholly owned subsidiary of RUS, and alleges as follows:

## NATURE OF CASE

1.      In breach of their fiduciary duty to act in the best interest of RUS, the sole and managing member of AdvizeX, the Defendants directed, authorized, and/or consented to AdvizeX taking certain actions that were in direct contravention to the interests of RUS – and which were, upon information and belief, motivated by the Defendants' own desire to complete a management takeover of AdvizeX. Specifically, the Defendants directed, authorized, and/or consented to AdvizeX filing a position statement advocating for the dismissal of RUS's bankruptcy proceedings – a position statement that AdvizeX acknowledged was contrary to the interests of RUS and the Bankruptcy Court expressly relied upon in dismissing those bankruptcy proceedings.

2.      The Defendants further breached their respective fiduciary duties to RUS, as the sole and managing member of AdvizeX, by working collaboratively with certain of RUS's creditors (collectively, the "Judgment Creditors")[1] to effectuate a foreclosure of RUS's membership interests in AdvizeX, thereby dispossessing RUS of its membership interest and removing a barrier to management's previously stated goal of effectuating a management buyout of AdvizeX.

3.      The Defendants further breached their respective fiduciary duties to RUS, as the sole and managing member of AdvizeX, by negligently or willfully distributing false information in connection with the Judgment Creditors' foreclosure and sale of RUS's membership interests in AdvizeX, which had the effect of chilling the bidding at such foreclosure sale – and, in turn, permitted one of the Judgment Creditors to be the sole bidder at such foreclosure sale.

---

[1] Pinpoint Multi-Strategy Master Fund f/k/a Pinpoint Multi-Strategy Fund, Value Partners Fixed Income SPC – Value Partners Credit Opportunities Fund SP, and Value Partners Greater China High Yield Income Fund (collectively, the "Bondholders").

## PARTIES

4.     Rolta India is a publicly listed and traded Indian company incorporated under India's Companies Act, 1956. Rolta's principal office is located at Rolta Tower A, Rolta Technology Park, MIDC, Andheri (East), Mumbai – 400 093, India.

5.     RUS is a Delaware corporation that has a single employee that is located in Illinois.

6.     Defendant Howdyshell is an individual citizen of the State of Ohio with his primary residence located at 5257 Sorrento Court, Westerville, Ohio 43082.

7.     Defendant Schnieders is an individual citizen of the State of Ohio with his primary residence located at 1349 Bonnieview Avenue, Lakewood, Ohio 44107.

8.     Defendant Garitof is an individual citizen of the State of Ohio with his primary residence located at 9650 Whitewood Road, Brecksville, Ohio 44141.

## JURISDICTION AND VENUE

9.     This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000 and Defendants, as citizens of the State of Ohio, and Rolta India, a Indian corporation, are citizens of a State and foreign state.

10.     This Court has personal jurisdiction over Defendants because they are residents of State of Ohio and, in addition, pursuant to R.C. 2307.382(A), because Defendants directed and managed the affairs of AdvizeX from the State of Ohio. Thus, Defendants have sufficient contact with the State of Ohio to justify exercising personal jurisdiction over them.

11.     Venue is proper in this Court pursuant to 28 U.S.C § 1391 because, *inter alia*, two of the Defendants reside within this judicial district, all Defendants are residents of the State of Ohio, and Defendants are subject to personal jurisdiction in this Court.

## **GENERAL ALLEGATIONS**

12.    Rolta India is the ultimate parent of a global family of companies (collectively, the "Rolta Entities") that provide their clients, which include various companies, agencies, and governments around the world, with IT solutions, business intelligence and big data analytics, and geographic data and information engineering.

13.    Rolta India's direct and indirect subsidiaries contract directly with companies, agencies, and governments in their respective regions. These subsidiaries then contract with Rolta India to provide the ultimate services/products that are supplied to their customers.

14.    RUS performs managerial services for various of the Rolta India international subsidiaries around the globe. In addition, RUS is the parent company of several North American subsidiaries, including AdvizeX.

15.    In 2012, RUS purchased 100% of the membership interests in AdvizeX and integrated AdvizeX into the Rolta family of companies.

16.    Until April 1, 2021, Rolta International served as the sole and managing member of AdvizeX pursuant to that certain Second Amended and Restated Limited Liability Company Operating Agreement of Rolta AdviseX Technologies, LLC, a Delaware Limited Liability Company, dated July 17, 2017 (the "Operating Agreement").  A copy of the Operating Agreement is attached hereto as Exhibit A.

17.    AdvizeX maintained its own management team, including its own President, Chief Operating Officer, and Chief Financial Officer.

**The Bond Issuance and Default**

18. In 2013 and 2014, two subsidiaries of RUS issued bond debt worth approximately $500 million (collectively, the "Bonds") that was guaranteed by several of the Rolta Entities (collectively, the "Bond Obligors"), including RUS and Rolta India.

19. The Judgment Creditors hold a minority portion of the Bonds.

20. In 2018, there was a payment default under the Bonds.

21. The Judgment Creditors initiated litigation against the Bond Obligors in the Supreme Court of the State of New York, County of New York (the "New York Court") seeking repayment of their minority portion of the Bonds.

22. On September 2, 2020, the New York Court awarded the Judgment Creditors summary judgment (the "Judgment") against each of the Bond Obligors.

**AdvizeX's Management Team Expresses Interest in Purchasing the Company**

23. At all times relative to this Complaint, Defendant Howdyshell was the President of AdvizeX.

24. At all times relative to this Complaint, Defendant Schnieders was the Chief Operating Officer of AdvizeX.

25. At all times relative to this Complaint, Defendant Garito was the Chief Financial Officer of AdvizeX.

26. Collectively, the Defendants make up AdvizeX's senior management team (the "Management Team").

27. On May 30, 2020, Defendant Howdyshell sent Preetha Pulusani, RUS's then President, an email in which he expressed his management team's interest in purchasing RUS's

100% membership interest in AdvizeX (the "Management Team Proposal"). A copy of this correspondence is attached hereto as Exhibit B.

28.     RUS declined the Management Team Proposal and instead pursued a restructuring of its debt.

29.     Upon information and belief, after RUS's rejection of the Management Team Proposal, the Defendants concluded that the Judgment Creditors' purchase of RUS's 100% membership interest in AdvizeX would provide Defendants with the best opportunity to later purchase such membership interest themselves.

30.     As discussed in greater detail herein, upon information and belief, Defendants worked in conjunction with the Judgment Creditors to facilitate a takeover of AdvizeX by the Judgment Creditors.

**Rolta International Files for Bankruptcy**

31.     On October 29, 2020, Rolta International, along with each of the other Bond Obligors other than Rolta India (collectively, the "Bankruptcy Debtors"), filed for protection under chapter 11 of title 11 of the United States Code (i.e., the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama (the "Bankruptcy Court") (Case No. 20-82282).

32.     On December 7, 2020, the Bankruptcy Debtors filed a complaint against the Judgment Creditors, thereby initiating an adversary proceeding in the Bankruptcy Court (the "Adversary Proceeding"), in which the Bankruptcy Debtors sought to avoid the statutory lien held by the Judgment Creditors with respect to RUS's membership interest in AdvizeX.

33.     Later that same day, the Judgment Creditors filed a Motion to Dismiss (the "Motion to Dismiss") the Bankruptcy Debtors' jointly administered bankruptcy cases.

6

34. Upon information and belief, the Judgment Creditors' Motion to Dismiss was motivated by the desire to terminate the Bankruptcy Debtors' ability to avoid their preferential lien – an avoidance power granted to the Bankruptcy Debtors as a result of their bankruptcy filings.

35. By seeking to obtain a dismissal of the Bankruptcy Debtors' jointly administered bankruptcy cases and the Adversary Proceeding, the Judgment Creditors sought to solidify their preferential lien and obtain control over AdvizeX to the exclusion of all of RUS's other creditors.

36. RUS vehemently opposed the Judgment Creditors' Motion to Dismiss and filed several briefs in opposition thereto.

37. On January 25, 2021—the day before the Bankruptcy Court's hearing on the Judgment Creditors' Motion to Dismiss—AdvizeX filed a *Statement of Rolta AdvizeX Technologies, LLC in Connection with the Judgment Creditors' Motion to Dismiss the Debtors' Chapter 11 Cases* (Case No. 20-82282, Dkt. 220) (the "AdvizeX Statement"). A copy of the AdvizeX Statement is attached hereto as Exhibit C.

38. Upon information and belief, the AdvizeX Statement was filed at the direction, and/or with the consent, of the Defendants – each of whom directed, caused, and/or consented to the inclusion of each of the statements made therein.

39. In the AdvizeX Statement, AdvizeX, argued in ***favor*** of the Judgment Creditors' Motion to Dismiss – a position directly adverse to that of its sole managing member, RUS.

40. Among the numerous statements in the AdvizeX Statement that are directly adverse to RUS and its stated positions within its bankruptcy case are the following:

    a. "AdvizeX files this Statement reluctantly, as it is aware that this is not exactly what the Rolta Group wants to hear." Ex. C, ¶ 3.

b.  "AdvizeX is confident that Rolta International believes in the strategy and believes that it is proposing a plan that it thinks can work. But, AdvizeX is closer to the situation and disagrees." Ex. C, ¶ 4.

c.  "The discussions with customers and employees have been hampered by the inability to articulate a coherent plan for the exit from bankruptcy." Ex. C, ¶ 8.

d.  "And the reality is that such a deal won't close, because the buyer will close only with assurances from the key employee group that they will remain." Ex. C, ¶ 10.

e.  "But the New Parallel Strategy is even more troubling." Ex. C, ¶ 11.

41.  Moreover, the AdvizeX Statement included numerous reckless or willful misstatements regarding the consequences of a public sale of the AdvizeX membership interests, including the following:

a.  "First and foremost, AdvizeX strongly believes that the AdvizeX Sale Path, a bankruptcy auction process in chapter 11, will lead to the departure of key employees. . . . These key employees will have to be informed that their services are being sold to the highest bidder. If a bidder comes along and offers a high price, but the employees don't want to work for that organization, they will simply leave and move on to competitors. And the reality is that such a deal won't close, because the buyer will close only with assurance from the key employee group that they will remain." Ex. C, ¶ 10.

b.  "AdvizeX believes that it needs to inform the Court that an auction of its stock would hurt the AdvizeX employees." Ex. C, ¶ 13.

8

42.     The statements referenced in the immediately preceding paragraph were false, inaccurate, and/or misleading.

43.     Upon information and belief, the Defendants authorized, directed, and/or consented to the inclusion of such statements with the knowledge that the same were false, inaccurate, and or misleading, or otherwise failed to complete a reasonable level of diligence prior to authorizing the same.

44.     Upon information and belief, if they had performed a reasonable level of diligence, the AdvizeX Management Team would have known that the above-referenced statements in the AdvizeX Statement were false, inaccurate, and/or misleading.

45.     Because the AdvizeX Statement was filed the day before the Bankruptcy Court's hearing on the Motion to Dismiss, RUS was not provided with reasonable time to respond to the assertions made therein.

46.     On January 26, 2021, the Bankruptcy Court held a hearing on the Judgment Creditors' Motion to Dismiss (the "Motion to Dismiss Hearing").

47.     At the Motion to Dismiss Hearing, AdvizeX's counsel further acknowledged that the AdvizeX Statement was adverse to the interests of RUS when he stated, "As we mentioned in the statement, it was sort of a difficult decision to do it because it somewhat all puts us at odds." *See* Transcript of January 26, 2021 Hearing on the Judgment Creditors' Motion to Dismiss, attached hereto as Exhibit D, at 8.

48.     AdvizeX's counsel, at the direction or with the consent of the Defendants, also made the following statement adverse to RUS at the Motion to Dismiss Hearing: "You know, if we had to give a position on dismissal, it doesn't look like there's a path that helps AdvizeX in

this bankruptcy case and the judgment creditors, if they end up being in control, seem to be purely economic actors, so maybe that could work out." Ex. D at 8.

49. The Judgment Creditors made it clear that they believed the AdvizeX Statement was adverse to RUS's interests and its position when their counsel stated the following:

> But we did have a chance to review the pleading filed by Rolta AdvizeX. We believe that it informs and supports the positions we have taken, principally, Your Honor, with the debtors saying that as a back up plan they'd like to pursue a 363 sales profit for AdvizeX.

> You do have AdvizeX going on record saying that a Section 363 sale of AdvizeX would be bad for the value of the company. If that's the case, Your Honor, then of course it's bad for the value of Rolta International's equity in the company. So, we think that those statements by AdvizeX are informative.

> They've also made reference to the Streamcast restructuring services agreement. On Page 4 they say that since the summer of 2019, and I'm quoting now, AdvizeX has been told that the promised Streamcast investor money will be coming in soon. That soon has been the same for more than 16 months. AdvizeX, in their view and observations about – [being cutoff by the Court].

Ex. D at 10.

50. Also at the Motion to Dismiss Hearing, the bankruptcy administrator supported the Judgment Creditor's Motion to Dismiss, in part on the grounds that "the AdvizeX sale does not appear to be something that would be beneficial to all creditors, especially the creditors of AdvizeX and the employees of AdvizeX, based on the statements that have been filed by Ms. Hullett yesterday." *See* Ex. D at 7.

51. The Bankruptcy Court was likewise persuaded by the false, inaccurate, and misleading statements made by AdvizeX at the direction or with the consent of the Defendants.

52. At the Motion to Dismiss Hearing, the Bankruptcy Court made the following statements:

a.    "It was very helpful to know what AdvizeX believed about what was being proposed." Ex. D at 8.

b.    "There is a possibility of loss of valuable employees at AdvizeX if a 363 sale takes place, thereby diminishing the value of the stock." Ex. D at 17.

c.    "The AdvizeX statement also says, and I will quote, the inability to articulate a coherent plan for exit from bankruptcy, close quote, has hampered their business operations. I would say that that statement is an accurate summary of the case." Ex. D at 20.

53.    Ultimately, the Bankruptcy Court agreed with AdvizeX's argument that "the debtors have failed to provide a reasonable response to the issue of whether they have a realistic chance of successfully reorganizing." *See* Ex. D at 13.

54.    On that same day, January 26, 2021, the Bankruptcy Court entered an order dismissing the remaining bankruptcy cases before it (the "Dismissal Order"), including RUS's bankruptcy case.

55.    On that same date, because the underlying main bankruptcy case was dismissed, the Bankruptcy Court also dismissed the Adversary Proceeding.

56.    On February 9, 2021, RUS, *inter alia*, filed a motion with the Bankruptcy Court seeking reconsideration of the Dismissal Order (the "Motion for Reconsideration").

57.    On May 6, 2021, the Bankruptcy Court denied the Motion for Reconsideration.

58.    RUS has appealed the Dismissal Order and the order denying the Motion for Reconsideration to the United States District Court for the Northern District of Alabama. That appeal remains pending before the district court.

**The UCC Article 9 Sale of RUS's Membership Interest in AdvizeX**

11

59.     In 2018, AdvizeX sought and obtained a line of credit (the "AdvizeX LOC") from The Huntington National Bank ("Huntington").

60.     To secure AdvizeX's obligations to Huntington under the AdvizeX LOC loan documents, RUS executed a pledge agreement (the "Pledge Agreement") pursuant to which RUS pledged 100% of its membership interest of AdvizeX (the "Pledged Membership Units") to Huntington.

61.     On March 11, 2021, Value Partners Fixed Income SPC-Value Partners Credit Opportunities Fund SP ("VP Credit"), one of the Judgment Creditors, provided RUS with notice (the "Transfer Notice") that VP Credit had purchased the AdvizeX LOC debt secured by the Pledged Membership Units.

62.     The Transfer Notice further asserted that the previously dismissed bankruptcy filing of RUS constituted a continuing event of default under the applicable loan documents and that, as a result, VP Credit had begun exercising rights afforded to it under the Pledge Agreement to transfer the Pledged Membership Units to its nominee, Pinpoint Multi-Strategy Master Fund ("Pinpoint"), another of the Judgment Creditors.

63.     On March 12, 2021, VP Credit provided RUS with notice (the "Sale Notice") that it intended to sell all RUS's right, title and interest in the Pledged Membership Units on April 1, 2021.

64.     In connection with the impending sale, VP Credit worked with AdvizeX to create a data room (the "Data Room") in order to provide relevant financial information to prospective purchasers.

65.     Upon information and belief, the Defendants provided the Judgment Creditors with the information that was placed into the Data Room, or otherwise caused such information to be provided to the Judgment Creditors.

66.     The information provided to the Judgment Creditors for placement into the Data Room was false, inaccurate, and misleading in that it included financial information representing that AdvizeX's liabilities exceed its assets by approximately $8 million when, in reality, AdvizeX was worth no less than $55 million at the time of the UCC Sale.

67.     Upon information and belief, if they had performed a reasonable level of diligence, the Defendants would have known that the above-referenced statements in the AdvizeX Statement were false, inaccurate, and/or misleading.

68.     The Defendants failed to correct the false, inaccurate and misleading information until a prospective purchaser pressed the issue.

69.     Following questioning by the prospective purchaser, AdvizeX was forced to confirm that, in fact, the financial information that had been uploaded was false.

70.     Despite the fact that there were numerous places where the false, inaccurate, and misleading financial information appeared, AdvizeX's counsel attempted to explain away the false, inaccurate, and misleading information as a "typo." *See* Transcript of UCC Sale of AdivzeX Membership Interests, attached hereto as <u>Exhibit E</u>, 24:2-9.

71.     AdvizeX and its Management Team did not correct these inaccuracies until three days before the UCC Sale.

72.     Upon information and belief, the Defendants provided the false, inaccurate, and misleading financial information, or caused such information to be provided, to the Judgment

Creditors for placement into the Data Room in an effort to dissuade potential purchasers (other than VP Credit) from bidding on AdvizeX at the UCC Sale.

73.     On April 1, 2021, VP Credit held a public sale of the Pledged Membership Units (the "UCC Sale").

74.     With no other competing bids, VP Credit was deemed the winning bidder with respect to the Pledged Membership Units at the UCC Sale.

75.     Contrary to the assertions raised by Defendants in the AdvizeX, a public sale of RUS's membership interest did not lead to the economic downfall of AdvizeX or the departure of key employees.

76.     Upon information and belief, AdvizeX continues to operate as a solvent business and, upon information and belief, the majority of AdvizeX's employees, including key personnel, have remained in their respective positions.

**RUS Assigns its Claims to Rolta India**

77.     On March 31, 2021, pursuant to that certain Settlement Agreement by and between RUS and Rolta India, RUS, as part of the consideration provided to Rolta India in return for the promises and obligations of Rolta India as set forth therein, assigned all its claims against the Defendants to Rolta India (the "Assignment of Claims"). A copy of the Assignment of Claims is attached hereto as Exhibit F.

**FIRST CLAIM FOR RELIEF**
**Breach of Fiduciary Duty Claim Against Defendant Howdyshell**
**(AdvizeX Statement)**

78.     Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

79.     During the relevant time period, AdvizeX was a solvent company.

14

80.     Because AdvizeX was a solvent company, Defendant Howdyshell, who served as the President of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

81.     Defendant Howdyshell caused, consented to, or otherwise failed to avoid the filing of the AdvizeX Statement with the Bankruptcy Court.

82.     The filing of the AdvizeX Statement with the Bankruptcy Court was directly contrary to the best interest of RUS.

83.     Defendant Howdyshell knew, or would have known with the exercising of reasonable diligence, that the filing of the AdvizeX Statement with the Bankruptcy Court was directly contrary to the best interest of RUS.

84.     The AdvizeX Statement contained false, inaccurate, and/or misleading statements.

85.     Defendant Howdyshell knew, or would have known with the exercising of reasonable diligence, that the AdvizeX Statement contained false, inaccurate, and/or misleading statements.

86.     Pursuant to the Operating Agreement, Defendant Howdyshell's actions constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period. Specifically, Defendant Howdyshell breached his fiduciary duties of care and loyalty by filing the AdvizeX Statement, including the false, inaccurate, and/or misleading statements set forth therein, in contravention of the best interests of RUS, the sole and managing member of AdvizeX at such time.

87.     RUS was harmed by the filing of the AdvizeX Statement in that such action caused the dismissal of RUS's bankruptcy proceedings, which in turn left its membership interest in

AdvizeX unprotected and subject to foreclosure by the Judgment Creditors, and also by causing RUS to incur a significant amount of attorney fees.

88.     The total amount of the damages suffered by RUS as a result of the filing of the AdvizeX Statement will be determined and established at trial.

## SECOND CLAIM FOR RELIEF
### Breach of Fiduciary Duty Claim Against Defendant Howdyshell
### (Collaboration with the Judgment Creditors)

89.     Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

90.     During the relevant time period, AdvizeX was a solvent company.

91.     Because AdvizeX was a solvent company, Defendant Howdyshell, who served as the President of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

92.     Upon information and belief, Defendant Howdyshell acted in his own self-interest, and contrary to the best interest of RUS, by working in conjunction with the Judgment Creditors to facilitate the UCC Sale of RUS's sole membership interest in AdvizeX, with the ultimate goal of purchasing the membership interest in the future.

93.     Pursuant to the Operating Agreement, Defendant Howdyshell's actions constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period. Specifically, Defendant Howdyshell breached his fiduciary duties of loyalty and disinteredness by seeking to facilitate a sale of AdvizeX to the Judgment Creditors for his ultimate benefit.

94.     RUS was harmed as a result of Defendant Howdyshell's collaboration with the Judgment Creditors in that the Judgment Creditors were able to dispossess RUS of its most

valuable asset – the membership units of AdvizeX – and caused RUS to incur substantial attorney fees seeking to protect its rights and interests related to the UCC Sale.

95.     The total amount of the damages suffered by RUS as a result of the above-referenced collaboration will be determined and established at trial.

**THIRD CLAIM FOR RELIEF**
**Breach of Fiduciary Duty Claim Against Defendant Howdyshell**
**(Providing False Information in Connection with UCC Sale)**

96.     Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

97.     During the relevant time period, AdvizeX was a solvent company.

98.     Because AdvizeX was a solvent company, Defendant Howdyshell, who served as the President of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

99.     Upon information and belief, Defendant Howdyshell acted in contravention of the best interest of RUS and in violation of his fiduciary duties by intentionally providing the Judgment Creditors with false and misleading financial information for placement in the UCC Sale data room used by prospective purchasers, thereby discouraging prospective purchasers other than VP Credit from bidding for RUS's membership interest in AdvizeX.

100.    Pursuant to the Operating Agreement, these actions by Defendant Howdyshell constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period.  Specifically, Defendant Howdyshell breached his fiduciary duties of loyalty and disinteredness by seeking to facilitate a sale of AdvizeX to the Judgment Creditors for his ultimate benefit.

101.     RUS was harmed as a result of Defendant Howdyshell's failure to provide true and accurate information to potential purchasers in that such action had the effect of chilling bidding on RUS's membership interests in AdvizeX and causing RUS to incur significant attorney fees related to the false, inaccurate, and/or misleading information provided by, or at the direction, of Defendant Howdyshell.

102.     The total amount of the damages suffered by RUS as a result of the failure to provide true and accurate information to potential purchasers of AdvizeX will be determined and established at trial.

**FOURTH CLAIM FOR RELIEF**
**Breach of Fiduciary Duty Claim Against Defendant Schnieders**
**(AdvizeX Statement)**

103.     Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

104.     During the relevant time period, AdvizeX was a solvent company.

105.     Because AdvizeX was a solvent company, Defendant Schnieders, who served as the COO of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

106.     Defendant Schnieders caused, consented to, or otherwise failed to avoid the filing of the AdvizeX Statement with the Bankruptcy Court.

107.     The filing of the AdvizeX Statement with the Bankruptcy Court was directly contrary to the best interest of RUS.

108.     Defendant Schnieders knew, or would have known with the exercising of reasonable diligence, that the filing of the AdvizeX Statement with the Bankruptcy Court was directly contrary to the best interest of RUS.

109.    The AdvizeX Statement contained false, inaccurate, and/or misleading statements.

110.    Defendant Schnieders knew, or would have known with the exercising of reasonable diligence, that the AdvizeX Statement contained false, inaccurate, and/or misleading statements.

111.    Pursuant to the Operating Agreement, Defendant Schnieders' actions constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period. Specifically, Defendant Schnieders breached his fiduciary duties of care and loyalty by filing the AdvizeX Statement, including the false, inaccurate, and/or misleading statements set forth therein, in contravention of the best interests of RUS, the sole and managing member of AdvizeX at such time.

112.    RUS was harmed by the filing of the AdvizeX Statement in that such action caused the dismissal of RUS's bankruptcy proceedings, which in turn left its membership interest in AdvizeX unprotected and subject to foreclosure by the Judgment Creditors, and also by causing RUS to incur a significant amount of attorney fees.

113.    The total amount of the damages suffered by RUS as a result of the filing of the AdvizeX Statement will be determined and established at trial.

**FIFTH CLAIM FOR RELIEF**
**Breach of Fiduciary Duty Claim Against Defendant Schnieders**
**(Collaboration with the Judgment Creditors)**

114.    Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

115.    During the relevant time period, AdvizeX was a solvent company.

116.    Because AdvizeX was a solvent company, Defendant Schnieders, who served as the COO of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

117.    Upon information and belief, Defendant Schnieders acted in his own self-interest, and contrary to the best interest of RUS, by working in conjunction with the Judgment Creditors to facilitate the UCC Sale of RUS's sole membership interest in AdvizeX, with the ultimate goal of purchasing the membership interest in the future.

118.    Pursuant to the Operating Agreement, Defendant Schnieders' actions constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period. Specifically, Defendant Schnieders breached his fiduciary duties of loyalty and disinteredness by seeking to facilitate a sale of AdvizeX to the Judgment Creditors for his ultimate benefit.

119.    RUS was harmed as a result of Defendant Schnieders' collaboration with the Judgment Creditors in that the Judgment Creditors were able to dispossess RUS of its most valuable asset – the membership units of AdvizeX – and caused RUS to incur substantial attorney fees seeking to protect its rights and interests related to the UCC Sale.

120.    The total amount of the damages suffered by RUS as a result of the above-referenced collaboration will be determined and established at trial.

### SIXTH CLAIM FOR RELIEF
**Breach of Fiduciary Duty Claim Against Defendant Schnieders**
**(Providing False Information in Connection with UCC Sale)**

121.    Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

122.    During the relevant time period, AdvizeX was a solvent company.

123.    Because AdvizeX was a solvent company, Defendant Schnieders, who served as the COO of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

124.    Upon information and belief, Defendant Schnieders acted in contravention of the best interest of RUS and in violation of his fiduciary duties by intentionally providing the Judgment Creditors with false and misleading financial information for placement in the UCC Sale data room used by prospective purchasers, thereby discouraging prospective purchasers other than VP Credit from bidding for RUS's membership interest in AdvizeX.

125.    Pursuant to the Operating Agreement, these actions by Defendant Schnieders constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period.  Specifically, Defendant Schnieders breached his fiduciary duties of loyalty and disinteredness by seeking to facilitate a sale of AdvizeX to the Judgment Creditors for his ultimate benefit.

126.    RUS was harmed as a result of Defendant Schnieders' failure to provide true and accurate information to potential purchasers in that such action had the effect of chilling bidding on RUS's membership interests in AdvizeX and causing RUS to incur significant attorney fees related to the false, inaccurate, and/or misleading information provided by, or at the direction, of Defendant Schnieders.

127.    The total amount of the damages suffered by RUS as a result of the failure to provide true and accurate information to potential purchasers of AdvizeX will be determined and established at trial.

**SEVENTH CLAIM FOR RELIEF**
**Breach of Fiduciary Duty Claim Against Defendant Garito**
**(AdvizeX Statement)**

128.     Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

129.     During the relevant time period, AdvizeX was a solvent company.

130.     Because AdvizeX was a solvent company, Defendant Garito, who served as the CFO of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

131.     Defendant Garito caused, consented to, or otherwise failed to avoid the filing of the AdvizeX Statement with the Bankruptcy Court.

132.     The filing of the AdvizeX Statement with the Bankruptcy Court was directly contrary to the best interest of RUS.

133.     Defendant Garito knew, or would have known with the exercising of reasonable diligence, that the filing of the AdvizeX Statement with the Bankruptcy Court was directly contrary to the best interest of RUS.

134.     The AdvizeX Statement contained false, inaccurate, and/or misleading statements.

135.     Defendant Garito knew, or would have known with the exercising of reasonable diligence, that the AdvizeX Statement contained false, inaccurate, and/or misleading statements.

136.     Pursuant to the Operating Agreement, Defendant Garito's actions constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period. Specifically, Defendant Garito breached his fiduciary duties of care and loyalty by filing the AdvizeX Statement, including the false, inaccurate, and/or misleading statements set forth therein, in contravention of the best interests of RUS, the sole and managing member of AdvizeX at such time.

137.   RUS was harmed by the filing of the AdvizeX Statement in that such action caused the dismissal of RUS's bankruptcy proceedings, which in turn left its membership interest in AdvizeX unprotected and subject to foreclosure by the Judgment Creditors, and also by causing RUS to incur a significant amount of attorney fees.

138.   The total amount of the damages suffered by RUS as a result of the filing of the AdvizeX Statement will be determined and established at trial.

## EIGHTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty Claim Against Defendant Garito
### (Collaboration with the Judgment Creditors)

139.   Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

140.   During the relevant time period, AdvizeX was a solvent company.

141.   Because AdvizeX was a solvent company, Defendant Garito, who served as the CFO of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

142.   Upon information and belief, Defendant Garito acted in his own self-interest, and contrary to the best interest of RUS, by working in conjunction with the Judgment Creditors to facilitate the UCC Sale of RUS's sole membership interest in AdvizeX, with the ultimate goal of purchasing the membership interest in the future.

143.   Pursuant to the Operating Agreement, Defendant Garito's actions constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period. Specifically, Defendant Garito breached his fiduciary duties of loyalty and disinteredness by seeking to facilitate a sale of AdvizeX to the Judgment Creditors for his ultimate benefit.

144.    RUS was harmed as a result of Defendant Garito's collaboration with the Judgment Creditors in that the Judgment Creditors were able to dispossess RUS of its most valuable asset – the membership units of AdvizeX – and caused RUS to incur substantial attorney fees seeking to protect its rights and interests related to the UCC Sale.

145.    The total amount of the damages suffered by RUS as a result of the above-referenced collaboration will be determined and established at trial.

### NINTH CLAIM FOR RELIEF
**Breach of Fiduciary Duty Claim Against Defendant Garito**
**(Providing False Information in Connection with UCC Sale)**

146.    Rolta India incorporates by reference all preceding paragraphs as if fully restated herein.

147.    During the relevant time period, AdvizeX was a solvent company.

148.    Because AdvizeX was a solvent company, Defendant Garito, who served as the President of AdvizeX while the company was wholly owned by RUS, owed fiduciary duties to RUS under Delaware law and was required to manage AdvizeX in RUS's best interest.

149.    Upon information and belief, Defendant Garito acted in contravention of the best interest of RUS and in violation of his fiduciary duties by intentionally providing the Judgment Creditors with false and misleading financial information for placement in the UCC Sale data room used by prospective purchasers, thereby discouraging prospective purchasers other than VP Credit from bidding for RUS's membership interest in AdvizeX.

150.    Pursuant to the Operating Agreement, these actions by Defendant Garito constituted material breaches of his fiduciary duties to RUS as the sole and managing member of AdvizeX during the relevant time period.  Specifically, Defendant Garito breached his fiduciary

duties of loyalty and disinterdness by seeking to facilitate a sale of AdvizeX to the Judgment Creditors for his ultimate benefit.

151. RUS was harmed as a result of Defendant Garito's failure to provide true and accurate information to potential purchasers in that such action had the effect of chilling bidding on RUS's membership interests in AdvizeX and causing RUS to incur significant attorney fees related to the false, inaccurate, and/or misleading information provided by, or at the direction, of Defendant Garito.

152. The total amount of the damages suffered by RUS as a result of the failure to provide true and accurate information to potential purchasers of AdvizeX will be determined and established at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rolta India respectfully requests that this Court:

A. Enter judgment on Count I in favor of Rolta India and against Defendant Howdyshell for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

B. Enter judgment on Count II in favor of Rolta India and against Defendant Howdyshell for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

C. Enter judgment on Count III in favor of Rolta India and against Defendant Howdyshell for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

D.      Enter judgment on Count IV in favor of Rolta India and against Defendant Schnieders for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

E.      Enter judgment on Count V in favor of Rolta India and against Defendant Schnieders for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

F.      Enter judgment on Count VI in favor of Rolta India and against Defendant Schnieders for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

G.      Enter judgment on Count VII in favor of Rolta India and against Defendant Garito for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

H.      Enter judgment on Count VIII in favor of Rolta India and against Defendant Garito for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

I.      Enter judgment on Count IX in favor of Rolta India and against Defendant Garito for all compensatory, statutory, punitive, and related damages for breach of his fiduciary duties to RUS as the former sole and managing member of AdvizeX;

J.      Order each of the Defendants to pay Rolta India an amount in excess of $500,000, which amount shall be finally determined after the Court's consideration of the evidence at trial, on account of the compensatory, statutory, punitive, and related damages suffered by Rolta India as a result of the Defendants' actions as set forth in Counts I-IX;

K.     Order each of the Defendants to pay all the costs and attorneys' fees that Rolta India

has incurred in connection with this action; and

L.     Order such other and further relief this Court deems just and proper.


Dated:  July 12, 2021                          Respectfully submitted,

*/s/ John C. Allerding*_____
John C. Allerding (Ohio Bar No. 0087025)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
John.Allerding@ThompsonHine.com

*Counsel for Rolta India Limited*